[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13894
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 18, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00373-CR-5-UWC-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKIE M. YARBROUGH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 18, 2008)

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Frankie Yarbrough appeals his jury conviction for willfully and knowingly

stealing, purloining, and converting to use without authority, money of the United States Department of Veteran Affairs ("VA"), in violation 18 U.S.C. § 641. On appeal, Yarbrough argues that the government failed to prove the requisite intent. After review, we affirm.[1]

To be convicted under § 641, the government must prove beyond a reasonable doubt that: (1) the money described in the indictment belonged to the United States or an agency thereof; (2) the defendant stole or converted the money to his own use; and (3) the defendant did so knowingly with intent to deprive the government of the money. United States v. McRee, 7 F.3d 976, 980 (11th Cir.1993). With respect to the intent element, the defendant must know that his taking of property is an unlawful conversion. Morrisette v. United States, 342 U.S. 246, 270-71, 72 S. Ct. 240, 254 (1952). "[K]nowing conversion requires more than knowledge that defendant was taking the property into his possession. He must have had knowledge of the facts, though not necessarily the law, that made the taking a conversion." Id.

At trial, the government presented evidence that in October 2002, after Yarbrough suffered a heart attack, he applied for disability benefits with the VA

---

[1]We review de novo whether the record contains sufficient evidence to support a guilty verdict, viewing the evidence in the light most favorable to the government and resolving "all reasonable inferences and credibility evaluations in favor of the jury's verdict." United States v. Robertson, 493 F.3d 1322, 1329 (11th Cir. 2007).

and claimed he was unable to work. However, Yarbrough was only on unpaid leave from his job and returned to full-time work in December 2002. Nonetheless, Yarbrough received VA disability benefits from March 2003 until September 2006.

Yarbrough argues that the government presented no evidence that he knew he was not entitled to the VA benefits. We disagree. The government presented: (1) Yarbrough's application for benefits, in which he stated that he was not working and could not work because of his heart condition; (2) his award letter, which he received after he had returned to work, informing him that he was being awarded benefits due to his inability to work and that he must inform the VA if his income or earnings changed; (3) two eligibility verification forms sent to Yarbrough stating that he must inform the VA if his income changed; and (4) evidence that Yarbrough did not inform the VA of changes in his income. From this evidence the jury could conclude that Yarbrough knew his benefits were conditioned on his unemployed status and that he knowingly converted the VA benefits when he failed to report to the VA increases in his employment income.

Yarbrough points to evidence that he told a state investigator he did not know he was wrong in receiving benefits and that he reported his income to the IRS. However, the jury was free to reject Yarbrough's statement to the

investigator as self-serving and inconsistent with other statements he made to the investigator. Furthermore, while this evidence might be probative of Yarbrough's defense, it does not render the jury's verdict unreasonable given the other evidence of intent. See United States v. Calderon, 127 F.3d 1314, 1324 (11th Cir. 1997) (explaining that a jury verdict must stand "unless no trier of fact could have found guilty beyond a reasonable doubt" (quotation marks omitted)).

The documentary evidence of notice distinguishes this case from United States v. Moore, 504 F.3d 1345 (11th Cir. 2007), upon which Yarbrough relies. In Moore, the government failed to present evidence that the VA notified the defendants that they were not entitled to continue receiving their father's VA benefits after their parents died. 504 F.3d at 1349. Here, the application for benefits, the award letter and the eligibility verification forms put Yarbrough on notice that he was only eligible for the VA benefits as long as he was unable to work and that he needed to inform the VA if his income changed. Thus, there was ample evidence for the jury to conclude that Yarbrough knew he was not entitled to the VA benefits he received.

**AFFIRMED.**